OPINION *Page 2 
{¶ 1} Defendant-appellant Scott W. Orris appeals his October 31, 2007, conviction and sentence from the Delaware County Court of Common Pleas on two counts of possession of drugs.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The undisputed facts are as follows:
 {¶ 4} Patrolman Willauer of the Delaware, Ohio Police Department was dispatched regarding a possible robbery on Chelsea Street. Patrolman Willauer, prior to arriving at Chelsea Street, was advised that a neighbor had called to report that someone was outside yelling at two individuals in an Chevy S-10 pickup. Upon arriving at Chelsea Street, Patrolman Willauer found Sergeant Shellito already on the scene. Sergeant Shellito had stopped a Chevy S-10 pickup located on Chelsea Street. Patrolman Willauer pulled in behind Sergeant Shellito.
 {¶ 5} Exiting their vehicles, Sergeant Shellito approached the driver's side of the Chevy S-10 pickup, while Patrolman Willauer approached the passenger side. Upon reaching the passenger's door, Patrolman Willauer ordered the passenger to exit the Chevy S-10 pickup. This passenger was later identified as Appellant Scott Orris.
 {¶ 6} Patrolman Willauer instructed Appellant to walk to the hood of the Chevy S-10 pickup, where he then proceeded to conduct a pat-down search for weapons. During the pat-down search, Patrolman Willauer observed a small baggie containing pills fall from Appellant's person and come to rest at his left foot. After noticing the baggie at Appellant's left foot, Patrolman Willauer observed a small baggie of white *Page 3 
powder next to Appellant's right foot. The two baggies were later found to contain controlled substances
 {¶ 7} On April 6, 2007, the Delaware County Grand Jury indicted Appellant on two counts of possession of drugs in violation of R.C. § 2925.11(A), felonies of the fifth degree.
 {¶ 8} On June 5, 2007, Appellant filed a Motion for Intervention in Lieu of Conviction.
 {¶ 9} On July 18, 2007, the State of Ohio filed its reply.
 {¶ 10} On August 29, 2007, Appellant withdrew his Motion.
 {¶ 11} On August 29, 2007, and again on September 13, 2007, Appellant waived his right to a jury trial in writing.
 {¶ 12} On September 13, 2007, a bench trial commenced in this matter. At the conclusion of such trial, the trial court found Appellant guilty of both charges.
 {¶ 13} The trial court set sentencing for October 22, 2007, but trial counsel was unavailable and Appellant requested a continuance. Appellant's trial counsel then withdrew on October 25, 2007, and new counsel was appointed.
 {¶ 14} On October 31, 2007, Appellant was sentenced to three years of Community Control Sanctions.
 {¶ 15} Appellant now raises the following sole assignment of error on appeal: ASSIGNMENT OF ERROR {¶ 16} "I. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO FILE A MOTION TO SUPPRESS THE STOP AND SUBSEQUENT TERRY PAT DOWN OF HIM." *Page 4 
 I. {¶ 17} In his sole assignment of error, Appellant argues his trial counsel was ineffective. We disagree.
 {¶ 18} Appellant argues that his trial counsel was ineffective for not having filed a motion to suppress evidence based on the claim that the officers who stopped the subject vehicle lacked a reasonable and articulable suspicion, because the stop was the result of information from an anonymous informant whose reliability had not been established.
 {¶ 19} Upon review, we find that the record does not support the factual predicate for this argument. Specifically, there is nothing in the record to establish that the 911 call to dispatch was in fact an "anonymous" call, nor is there anything in the record to establish the reliability, or lack of reliability, of the person who placed the call.
 {¶ 20} There are only two references in the record to the 911 call. The first is found during Officer Willauer's testimony, wherein he states:
 {¶ 21} "A subject called the police department to report he thought a robbery may have been occurring in, I believe it was the fourth building on Chelsea Street. He said that he heard a subject outside yelling and there was two other subjects in a vehicle. It was described as an S-10 type vehicle. Prior to my arrival, Sgt. Shellito said that that vehicle was starting to pull out, back out and pull out of the parking area." (T. at 8).
 {¶ 22} The only other reference is made by Appellant, wherein he references the 911 call as support for his version of the events which transpired on that night: *Page 5 
 {¶ 23} "Well, the 911 call, which I wanted to be brought into court, said it all. It lasted five minutes. You guys said that yourself. You don't just argue with someone for five minutes and with a gun. You know what I mean?" (T. at 42).
 {¶ 24} In an appeal based upon a claim of ineffective assistance of trial counsel, the appellant has the burden of demonstrating, from the record, that his trial counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136, 538
N.E.2d 373. Neither deficient performance nor resulting prejudice can be demonstrated from this record. Competent counsel is not expected to argue matters that have no factual basis. There is nothing in this record to demonstrate that there was a factual basis to challenge the reliability of the information forming the basis for the stop. The same deficiency in the record prevents us from finding that an argument attacking the propriety of the stop, had it been made, had any reasonable probability of success.
 {¶ 25} What could or would have been developed in the record is pure speculation. Furthermore, we find that even if the identity of the caller was, in fact, unknown, the information he provided during the 911 call was not unreliable in that the caller identified an S-10 vehicle at the scene of the incident. Upon arriving at the exact location, the police observed an S-10 vehicle, in which Appellant was a passenger, attempting to drive away. Said information therefore proved to be reliable. *Page 6 
 {¶ 26} Appellant's sole assignment of error is overruled.
 {¶ 27} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
Wise, J. and Gwin, J., concurs.
Hoffman, P. J., dissents.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed. Costs assessed to Appellant. *Page 7